HINSDALE-DOYLE GRANITE Co. *v.* TILLEY and others.

*(Circuit Court, N. D. Illinois.* November, 1881.)

1. CREDITOR'S BILL—MUNICIPAL DEBT.

Municipal corporation held to answer. Demurrer of the city of Chicago that a municipal corporation cannot be held to answer a creditor's bill, overruled.

In Chancery.

*C. A. Knight,* in support of the demurrer:

This proceeding is in effect the same as garnishment, and the courts hold, and public policy requires, that municipal corporations should be exempted from answering in mere proceedings to collect debts. *Merwin* v. *Chicago,* 45 Ill. 133; *Chicago* v. *Halsey,* 25 Ill. 596; *Triebel* v. *Colburn,* 64 Ill. 376; Dillon, Mun. Corp. § 65. Also, the bill makes no allegation that there is money in the city's treasury to pay this judgment, which the city could only be compelled to pay by *mandamus.*

*H. M. Matthews, contra:*

At law, in the construction of garnishment statutes, there is no generally-recognized principle of public policy exempting municipal corporations from their effect. *City of Newark* v. *Funk,* 15 Ohio St. 462; *Hadley* v. *Peabody,* 13 Gray, 200; *Bray* v. *Wallingford,* 20 Conn. 416; *Whidden* v. *Drake,* 5 N. H. 13; *Wales* v. *Muscatine,* 4 Iowa, 302; N. Y. Procedure. Equity jurisdiction is ancient and ample, and not limited by the construction given to garnishment acts. *Balch* v. *Westall,* 1 P. Wms. 445; *Smithier* v. *Lewis,* 1 Vernon, 398; *Stileman* v. *Ashdown,* 2 Atk. 477; *Taylor* v. *Jones,* 2 Atk. 602; *Pendleton* v. *Perkins,* 49 Mo. 565; *Singer & Talcott Stone Co.* v.*Wheeler,* 6 Bradw. 225; *Lyell* v. *Sup'rs of St. Clair Co.* 3 McLean, 580. No execution against the city is asked by the bill, and no question about a *mandamus* can be raised by the demurrer.

BLODGETT, D. J. I have no doubt that this is a proper proceeding against the city. It operates to place the complainant in the shoes of the creditor of the city, and requires the city to pay to the complainant. The court has jurisdiction to entertain a creditor's bill of this kind, where a municipal corporation is a party defendant, and I think the demurrer should be overruled.

Let the demurrer to the bill by the city of Chicago be overruled.